**ROBERT F. SCHROEDER, Plaintiff**

**v.**

**WILLIAM E. HACKETT, Defendant**

S. C. No. 76/1977

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

March 22, 1977

**SILVERLIGHT,** *Judge*

## MEMORANDUM OPINION AND ORDER

This matter originated as a small claims action for debt which was heard and decided by the Court on March 2, 1977, upon the filing of a complaint, the issuance of a writ of attachment pursuant thereto, and a levy made thereunder. Defendant filed no pleadings but did appear in his own proper person and offered a defense. The complaint sought a recovery in the sum of $500.00 and after the testimony of both parties and of other witnesses, was heard and the exhibits offered and received in evidence were considered, a judgment in the sum of $500.00, together with court costs, was entered in favor of plaintiff and against defendant.

Defendant has now filed a "Notice of Hearing and Motion for Remittitur and/or Stay of Execution." This

pleading has been read and carefully considered by the Court.

■ Without further ado, this Court must deny the motion for remittitur. If, in fact, this Court lacked the jurisdiction to enter a judgment in the sum of $500.00 as demanded in the complaint, then it lacked the jurisdiction to enter any judgment not preceded by a knowing and voluntary waiver of the excess claim by the plaintiff. At no time, did plaintiff waive any right to claim the full $500.00 allegedly due him from defendant. On the contrary, plaintiff's proofs were directed to the establishment of the debt in the sum of $500.00.

■ As has been indicated in defendant's moving papers, 4 V.I.C. § 112(b) imposes a bar to further recovery since a judgment has been entered in the case. Under these circumstances, the grant of a remittitur would run afoul of the 14th Amendment to the Constitution of the United States, which provides, in pertinent part:

. . . (No) State (shall) deprive any person of . . . property, without due process of law;

and of the 5th Amendment to the Constitution of the United States, which provides, in pertinent part:

No person shall . . . be deprived of . . . property, without due process of law; . . .

The deprivation of the right to recover an unwaived excess would constitute an incursion on due process and a taking of private property, that is a portion of a chose in action, without due process.

For the foregoing reasons, this Court must, and does hold that it either had jurisdiction to enter the judgment which it entered on March 2, 1977, or it lacked jurisdiction to entertain the case in the first instance.

We now turn to the crucial issue which revolves about the apparent conflict created by the numerical differences set

246

forth in subsections (a) and (b) and (c) of 4 V.I.C. § 112. The question which must be answered is simply: Does the Territorial Court have jurisdiction in its Small Claims Division to enter judgments in the sum of $500.00?

■ The history of the Small Claims Division of the Territorial Court is not complex. The division was created in 1957 in the Municipal Court of St. Croix and the Municipal Court of St. Thomas and St. John, and in 1965 became a division of the Municipal Court of the Virgin Islands upon the consolidation of the Courts. Its jurisdiction at that time was limited to $100 and its purpose was "to provide a simple and inexpensive procedure for the handling of small claims" (See Revision Note following 4 V.I.C. § 111).

In its original form, the use of this division was limited to contract actions in which the plaintiff was the original holder of the cause of action. No provision prohibiting representation of litigants by attorneys in the Small Claims Division existed. Subsequently, and in 1967, by amendment, the jurisdiction of this division was broadened to include all civil actions, raised the monetary limit to $300.00, eliminated the requirement that the plaintiff be the original holder of the cause of action, and added the prohibition against representation by counsel. Finally, in 1973, subsection (a) was again amended by substituting $500.00 for $300.00 as the monetary limit of jurisdiction. The Legislature, in the 1973 amendment however, did not amend subparagraphs (b) or (c) of section 112, thereby creating the apparent ambiguity which gives rise to the question here presented.

■ It is a basic rule of statutory construction that the intent of the legislature should be deemed to be the law. "The only mode in which the will of the legislature is spoken is in the statute itself. Hence, in the construction of

247

statutes, it is the legislative intent manifested in the statute that is of importance . . ." 73 Am.Jur.2d, Statutes, § 196.

■ This Court is not unaware of the general rule that courts will not undertake correction of legislative mistakes in statutes, even though the court may be convinced that the legislature intended to enact something different from that which it did enact. 73 Am.Jur.2d, Statutes, § 201. There is, nevertheless, authority for the rule that clerical mistakes should be disregarded or corrected and *that manifest or obvious mistakes may be corrected* (emphasis added) (cf. Footnotes 51 and 52 in 73 Am.Jur.2d, Statutes § 201, supra, and the cases cited therein). The construction of a statute which is favored is that construction which most fully promotes the policies and objectives thereof (73 Am.Jur.2d, Statutes, § 276) and which renders an interpretation which is in harmony with, preserves and effectuates the manifest intention of the legislature (73 Am.Jur.2d, Statutes, § 300).

■ An examination of the legislative history of Bill No. 5727, enacted as Act No. 3380, approved February 15, 1973, discloses that it was the intention of the legislature to allow an unrepresented individual access to the Small Claims court in order that he might recover all claims which he might have against another up to the sum of $500.00, without the necessity of retaining counsel. The bill, which was introduced by Senator Bryant, was referred to by him in the Senate debate in the following fashion:

. . . the small claims court has been the small man's court in the Virgin Islands. It is where the man can go, give the clerk the information, and for two dollars the clerk fills out all the papers, defendant is brought before the court, there are not attorneys in court, there are no fees to be paid the attorneys, and the small businessman can get his judgment. Right now the small business-man has a very serious problem in the sense that many of the lawyers will not or cannot, for their own financial reasons, take cases below $500, because of the numerous times they go back to

court and back to court. So the small businessman is in a situation, between three and $500, where he can't personally go into court and he can't find a lawyer to take it. Legal Aid cannot take matters—collection matters, therefor, I would urge the Senate to increase this.

Senator Maduro supplemented Senator Bryant's comments in the debate by the following comment:

. . . But I think the important thing here is the fact that not necessarily the businessman, but any individual who wants to bring an action in court, $300 or $500, he goes into court now and this will permit him to do so without worrying about having to pay his hired attorney fee. He does not have to take a lawyer in there for $500, and the law would prohibit an attorney from going into small claims court up to that amount of $500. In a way it helps the little man, because when you realize the way the fees are today *to collect $500* for a client and charge him close to half of that, it's better he doesn't even go in there with a lawyer and collect it. *This way, he can go in by himself and get judgment without having to take a lawyer with him.* Right now the amount is $300; *we are just expanding it to $500.* (Emphasis added.)

■ Clearly, the legislative intent was to increase the ability of an individual to obtain a judgment in the amount of $500.00 rather than simply allowing the filing of suits in which the amount in controversy was not more than $500.00, while the amount for which judgment could be obtained was restricted to $300.00. Even if the Court were not to reach this conclusion in the fashion described, it would take the position that the legislature intended to repeal the inconsistent sections by the enactment of Act No. 3380, approved February 15, 1973, to the extent that subsections (b) and (c) were inconsistent with the provisions of subsection (a) of Section 112 as amended by Act No. 3380. To hold otherwise would be to destroy totally the intent and purpose of the small claims division of the Territorial Court.

■■ This, to this Court, is a classic case in which the doctrine of repeal by implication is applicable. A reading of

249

this section, exclusive of the concept of repeal by implication, would render subsection (a) of Section 112 so repugnant to, contradictory of, and irreconcilably in conflict with the provisions of subsections (b) and (c) when read in the context in which this amendment was enacted, as to render the same incapable of harmonious effect. The entire history of the Small Claims Court and its purpose in the context of the legislative debate preceding the enactment of Act No. 3380, supra, establishes a clear, manifest, controlling, necessary, positive, unavoidable and irreconcilable inconsistency and repugnancy unless read as a clerical mistake or inadvertence, as a result of which subsections (b) and (c) were not specifically amended to conform to subsection (a) of the aforementioned section of Title 4 of the Code.

For the foregoing reasons, this Court is constrained to hold that the jurisdictional limit referred to in 4 V.I.C. § 112(a) is the same jurisdictional limit which, by implication, must be read into subsections (b) and (c), the prior numerical references therein having been repealed and modified by the enactment of Act No. 3380, supra.[1]

ORDER

For the foregoing reasons, it is

ORDERED, ADJUDGED AND DECREED that the defendant's motion for remittitur and/or stay of execution is hereby denied.

---

[1] This Court is not unmindful of the fact that its attention has been called to an appeal pending in the District Court entitled, Carr v. Pena, and bearing Civil No. 1975/487. That case having not yet been decided by the District Court, however, is not binding on this Court and for this reason this Court, in the interests of justice, will disregard the pendency of that action.