# JOHN KEEGAN

v.

## ANCHOR INNS, INC., Appellant

No. 78-2134

United States Court of Appeals

Third Circuit

Argued April 24, 1979

Filed September 24, 1979

DAVID V. O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for appellant*

JOHN B. MURPHREY, ESQ. (RIDDLE, MURPHREY, O'QUINN & CANNON), Houston, Texas, *for appellee*

Before ROSENN, MARIS, HUNTER, *Circuit Judges*

OPINION OF THE COURT

HUNTER, *Circuit Judge*

1. This is an appeal from the judgment entered in a personal injury/negligence action. The question presented is whether, despite the fact that the Virgin Islands has enacted a comparative negligence statute, the evidence introduced at trial required that the court deliver a jury instruction on assumption of risk. The district court declined to do so, finding that the evidence did not warrant the charge and concluding that "[such an] instruction . . . would defeat the whole purpose of the comparative negligence statute." We conclude that the court did not err when it refused to instruct the jury on assumption of risk. Accordingly, the judgment of the court will be affirmed.[1]

I.

2. At the time of the accident John Keegan lived on a boat which was moored in the Christiansted harbor in St. Croix, Virgin Islands. To gain access to the boat Keegan had to walk along the boardwalk which skirts the shops, hotels, and restaurants in the waterfront area. In December 1975, Anchor Inn, a local hotel and restaurant, began intermittently repairing and replacing weakened planks on the section of the boardwalk which abutted its fence and

---

[1] Anchor Inn also contends that the failure of the trial court to grant a continuance or to exclude expert testimony for failure to provide timely answers to interrogatories was an abuse of discretion warranting reversal and a new trial. We have examined this contention and find it to be without merit. See Meyers v. Pennypack Woods Home Ownership Association, 559 F.2d 894 (3d Cir. 1977); Dudley v. South Jersey Metal, Inc., 555 F.2d 96 (3d Cir. 1977); Montecatini Edison S.P.A. v. E. I. duPont de Nemours & Co., 434 F.2d 70, 72 (3d Cir. 1970). Accord, DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1201 (3d Cir. 1978).

gateway. On the afternoon of January 10, 1976, Keegan was proceeding along the boardwalk on the way to his boat. As he entered the area being repaired he noticed a hole in the boardwalk and began to walk around it. He stepped on a plank, and a nail which was protruding from the plank entered his foot. Keegan stumbled and fell into the hole he had been attempting to avoid, breaking his ankle.

3. Keegan brought a personal injury suit against Anchor Inn, alleging that Anchor Inn had been negligent in failing to properly maintain the boardwalk. At the conclusion of trial, Anchor Inn submitted a proposed jury instruction to the effect that assumption of risk was a complete bar to the plaintiff's recovery. The court refused to give the proposed charge, finding that the evidence did not support it and concluding that in any event the charge did not accurately reflect the law of the Virgin Islands, which in 1973 enacted a comparative negligence statute, 5 V.I.C. § 1451 (1978). At the request of Anchor Inn the court did give a charge on the landowner's duty to anticipate harm to invitees from known or obvious dangers. The court also instructed the jury that the plaintiff's contributory negligence could be taken into account in apportioning fault, and that this would mitigate the defendant's liability, if any, to the plaintiff. A verdict was returned in favor of Keegan. The jury apportioned responsibility for the accident 65% against Anchor and 35% against Keegan.

## II.

4. Traditionally, assumption of risk has been considered an absolute bar to recovery by the plaintiff. It may be express or implied. Express assumption of risk arises whenever a plaintiff by contract or otherwise expressly agrees to accept a risk of harm arising from the defendant's negligent or reckless behavior. Restatement (Second) of

Torts § 496B (1965).[2] Ordinarily, the agreement takes the form of a contract, and provides that the defendant has no obligation to protect the plaintiff and shall not be liable for the consequences of conduct which might otherwise be tortious. It is not essential that the agreement be made for consideration. A non-contractual consent may be sufficient. "Where such an agreement is freely and fairly made, between parties who are in an equal bargaining position, and there is no social interest with which they interfere, [the agreement] will generally be upheld." Id. § 496B, Comment (b).

■ 5. Implied assumption of risk is explained as follows: "A plaintiff who *fully understands a risk* of harm to himself . . . caused by the defendant's conduct or by the condition of the defendant's land or chattels, and who nevertheless *voluntarily chooses to enter* or remain, . . . within the area of that risk, under circumstances that manifest his willingness to accept it, is not entitled to recover for harm within that risk".[3] Id. § 496C (emphasis added).

■ 6. Contributory negligence is "conduct on the part of the plaintiff which falls below the standard to which [the plaintiff] should conform for his own protection, and which is a legally contributing cause co-operating with the negli-

---

[2] "The rules of the common law as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases in which they apply, in the absence of local laws to the contrary." 1 V.I.C. § 4 (1967). Accord, Baumann v. Canton, 7 V.I. 60, 69 (D.V.I. 1968) (applying the Restatement of Torts).

[3] The terms "fully understands" and "voluntarily" as employed in § 496C are explained in Sections 496D and 496E(2) of the Restatement.

. . . [A] plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the existence of the risk and appreciates its unreasonable character.

The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to (a) avert harm to himself or another, or (b) exercise or protect a right or privilege of which the defendant has no right to deprive him.

Restatement (Second) of Torts §§ 496D, 496E(2) (1965).

gence of the defendant in bringing about the plaintiff's harm." Restatement (Second) of Torts § 463 (1965). Contributory negligence of a plaintiff may be either "an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know, or . . . conduct which in [other] respects falls short of the standard to which the reasonable man should conform in order to protect himself from harm." Id. § 466. Although there are exceptions, the common law rule is that the plaintiff's contributory negligence bars any recovery at all by the plaintiff. Baumann v. Canton, 7 V.I. 60, 72 (D.V.I. 1968) (decided prior to the enactment, in 1973, of the Virgin Islands' comparative negligence statute). This is so even if the plaintiff's negligence is slight compared to that of the defendant. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409 (1953). The rule has been characterized as "harsh" and "discredited". Id.; see W. Prosser, The Law of Torts, 417–18, 433–34 (4th ed. 1971).

7. Numerous jurisdictions, including the Virgin Islands, have responded to the harshness of the rule by enacting comparative negligence statutes. These statutes remove the absolute bar to recovery imposed by the doctrine of contributory negligence and replace it with a scheme for apportioning fault between the plaintiff and the defendant. The Virgin Islands' Code provides:

> In any action based upon negligence to recover for injury to person or property, *the contributory negligence of the plaintiff shall not bar a recovery,* but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff . . . If such claimant is found by the trier of fact to be more at fault than the defendant, . . . the claimant may not recover. (Emphasis added.)

5 V.I.C. § 1451(a) (1978).

8. Like many other comparative negligence statutes,

the Virgin Islands' statute is phrased in terms of "contributory negligence" and is silent on the role that "assumption of risk" is to play in the scheme envisaged by the legislature. Yet, the same conduct may amount to both assumption of risk and contributory negligence. Where the plaintiff's conduct in voluntarily encountering a known risk is itself unreasonable and thus negligent, as when he dashes into a burning building to retrieve his hat, the two doctrines overlap. Alternatively, a plaintiff may accept an entirely reasonable risk (e.g. watch a fireworks display), yet fail to exercise reasonable care for his own protection against that risk (stand too close). The overlap between the two doctrines is sufficiently substantial for the authors of the Restatement to have observed, "The same kind of conduct frequently is given either name, or both. Ordinarily it makes no difference which the defense is called." Id. § 496A, Comment (d). Nevertheless, since the doctrine of assumption of risk, like contributory negligence, has traditionally been a complete bar to the plaintiff's recovery in a negligence suit, whether assumption of risk survives the enactment of a comparative negligence statute in large measure will determine if the statute will be effective in achieving its goal of modifying the harsh consequences of the common law rules.

9. To determine whether assumption of risk has survived, we must consider why contributory negligence in the past has been a bar to recovery, and why the legislature abandoned the contributory negligence approach in favor of a system based on comparative fault. We must then ask if the legislature also intended the comparative negligence statute to embrace all, some or none of the cases in which assumption of risk in the past has been applied.[4]

---

[4] The reasoning behind the comparative negligence statute is the guide which must be relied upon when we determine what, if any, vitality is retained by assumption of risk as a bar to recovery. Schroeder v. Hackett, 13 V.I. 242 (Terr. Ct. V.I. 1977) ("The construction of a statute which is

■ 10. Under the common law, contributory negligence, however slight, was a complete bar to recovery because the plaintiff's departure from the normal standard of conduct (i.e. his "fault") deprived him of the right to assert that another was also at fault. Indeed, it has been argued that the preferred label for the doctrine should be "contributory fault". W. Prosser, The Law of Torts, 417–18 (4th ed. 1971). Assumption of risk as a bar to recovery stands on a different footing. The plaintiff is not barred from recovering damages because of his "fault". Rather, because he elected to proceed in the face of known danger, the plaintiff is regarded as having consciously relieved the defendant of any duty which otherwise might have been owed the plaintiff. Being under no duty, the defendant may not be charged with negligence. Thus, assumption of risk, while frequently applied in cases where the plaintiff's conduct might also be characterized as negligent, is properly limited to cases of "waiver" or "consent" rather than "fault". That the doctrine has not been so limited is largely due to the fact, noted above, that "ordinarily it makes no difference."[5]

favored is that construction which most fully promotes the policies and objectives thereof . . . and which renders an interpretation which is in harmony with, preserves and effectuates the manifest intention of the legislature." Id. at 248.).

[5] Where it has made a difference, we have recognized that assumption of risk embraces two distinct concepts—one akin to waiver or consent, the other a species of negligence. In Pritchard v. Liggett & Meyers Tobacco Co., 350 F.2d 479 (3d Cir. 1965), cert. denied, 382 U.S. 987 (1966), we observed:

Assumption of risk in its secondary sense is ordinarily synonymous with contributory negligence and involves a failure to exercise reasonable care for one's own safety. Under this concept *recovery is barred because of the plaintiff's departure from the standard of reasonable conduct* and notwithstanding the misconduct of the defendant . . . Assumption of risk in its primary and strict sense involves voluntary exposure to an obvious or known danger which negates liability. Under this concept *recovery is barred because the plaintiff is assumed to have relieved the defendant of any duty to protect him.* (Emphasis added.) (Citations omitted.)

Id. at 484. In that case the distinction between contributory negligence and assumption of risk was critical to whether the defense of assumption of risk was available in a suit based on breach of warranty, since Pennsylvania law made contributory negligence unavailable as a defense in such a suit. We concluded that to the extent that plaintiff's conduct did

■ 11. The comparative negligence statute reflects a change in thinking about "fault". The contributory negligence bar has been removed because of the emerging belief that a plaintiff, in spite of his negligent conduct, *should* be able to recover from a defendant who was even more at fault. That the plaintiff's award will be reduced in proportion to the degree of his own fault (i.e. that fault will be compared) is regarded as sufficient "punishment" for straying from the standard of reasonable conduct. Since the comparative negligence statute addresses the question of how the trier of fact should consider fault, it follows that any affirmative defense which is based on the plaintiff's fault should be treated within the comparative framework established by that statute. Assumption of risk is not necessarily grounded on the concept of fault. Sometimes the defense has been invoked when the plaintiff's conduct could be characterized as negligent; sometimes it has been invoked in its "strict" or "primary" sense when the conduct amounted to consent. In those cases where the plaintiff's conduct amounts to negligence, that fact should be accorded weight only within the comparative scheme of the statute. In such a case assumption of risk is not available as a bar to recovery. This is consistent with our conclusion that, without regard to the doctrinal category into which it might otherwise be placed by the common law, negligent conduct is intended to be judged solely within the comparative framework established by the statute. It follows that when conduct amounts to a voluntary waiver or consent the absolute bar to recovery should remain. The reason for invoking the bar in such circumstances cannot be said to have been addressed by 5 V.I.C. § 1451(a), for the conduct

---

not overlap with contributory negligence (i.e. was assumption of risk in its "primary and strict" sense), assumption of risk was still available as a defense. We have since found that assumption of risk, to the extent it constituted a "considered waiver", was an affirmative defense in a products liability suit, even though contributory negligence was not a defense to such a suit in Pennsylvania. Elder v. Crawley Book Machinery Corp., 441 F.2d 771 (3d Cir. 1971).

is akin to consent and turns not on the plaintiff's "fault" but rather on the plaintiff's decision not to hold the defendant liable for the consequences of otherwise tortious conduct. It also follows that consent cannot be inferred merely from the fact that the plaintiff engaged in negligent conduct. If otherwise, assumption of risk would still survive as a means to circumvent the comparative fault statute. Thus, whenever the plaintiff's conduct can be fairly characterized as negligent, it falls exclusively within the statute, and no charge on assumption of risk is to be given unless some other independent proof of consent can be adduced by the defendant.

■ 12. The authors of the Restatement anticipated that drawing the distinction between assumption of risk as a species of negligence and assumption of risk as a form of waiver would become necessary under a comparative negligence statute when they observed:

> There are statutes which make contributory negligence only a partial defense, with the effect of reducing the recoverable damages, which have been construed to leave assumption of risk as a complete defense. It would appear that, unless such a construction is clearly called for, it defeats the intent of the statute in any case *where the same conduct constitutes both contributory negligence and assumption of risk,* since the purpose of the act would appear to be to reduce the damages in the case of all such negligent conduct, whatever the defense may be called. (Emphasis added.)

Restatement (Second) of Torts § 496A, Comment (d) (1965). Accordingly, whenever the conduct of the plaintiff may be characterized as "negligent" the only charge appropriate is the charge which accompanies the comparative negligence statute[6] (i.e. the conduct mitigates the defend-

[6] Consider the unreported case of Mohammed v. Hess Oil Virgin Islands Corp., D.V.I., Div. St. Croix, Civ. No. 74-343 (Mem. Op. Filed May 17, 1976). The case, in pertinent part, has been reproduced in Anchor Inn's Supplemental Brief:

The Court decided that under the Virgin Islands comparative negligence statute the affirmative defenses of contributory negligence and

ant's fault and reduces the plaintiff's award proportionately). Only in the exceptional circumstance where there is conduct other than negligence from which waiver or consent can be implied should an assumption of risk charge be given.[7] The logic of the comparative negligence statute requires this result.[8]

## III.

█ 13. The court's ruling on what instructions it would give was made after consideration of the evidence which had been presented at trial. It is apparent that the court carried out the sort of analysis which we have concluded is appropriate. The court found that the evidence was not sufficient to constitute assumption of risk, and that even if it were, the assumption of risk would fall within the

---

assumption of risk should be considered together as a single defense; that is, the degree which the plaintiff's own conduct contributed to his accident and injuries. The jury was so instructed. The jury found that the plaintiff's degree of fault, his own negligence and/or knowing and voluntary assumption of the risk, was 26 percent.

Id. n.3. (Quoted in Appellant's Supplemental Brief at 4.)

From this it is apparent that the court instructed the jury on the elements of assumption of risk, but allowed the defense only as a partial bar to recovery under the comparative negligence statute and not as an absolute bar to recovery. The important aspect of this case is that the court did not treat assumption of risk as a complete bar to recovery, but rather as a form of contributory fault. That the court went on to add assumption of risk to the charge on comparative fault is perhaps due to an excess of caution, but such a charge is redundant and may give rise to an opportunity for needless confusion. If the assumption of risk is not of the type which would be a complete bar to recovery (i.e. if it does not constitute non-negligent consent), no charge at all on the elements of assumption of risk would appear to be necessary.

[7] Similarly, if there is express assumption of risk, the assumption of risk charge should be given.

[8] In essence our ruling today means that the term "assumption of risk" will be applied only if there is non-negligent conduct which constitutes waiver or consent. All other conduct previously labeled assumption of risk will be merged with contributory negligence and will be treated within the framework for apportioning fault which has been established by the comparative negligence statute.

The practical effect of limiting the definition of what conduct constitutes "assumption of risk" may be nil. The Virgin Islands has a modified comparative negligence statute, which provides that a plaintiff may not recover if his comparative fault was more than 50%. It seems plausible that negligent conduct which would have amounted to assumption of risk prior to the enactment of the comparative negligence statute, will probably now be found to constitute negligence greater than 50%. Either way, recovery is completely barred.

range in which it is akin to negligence. The court then correctly reasoned that this was the type of conduct which was to be reached by the comparative negligence statute. We have examined the portions of the transcript submitted by the parties, and we have considered their arguments as to whether the evidence was sufficient to make out the elements necessary to justify a charge on assumption of risk. As did the district court, we conclude that the evidence was not sufficient to warrant such a charge. While Keegan's conduct was negligent, there was no evidence from which a jury could have inferred that Keegan had consented to Anchor Inn's negligence or waived his right to recover for his resulting injuries. The conduct at issue was correctly submitted to the jury for consideration within the framework established by the Virgin Islands' comparative negligence statute.[9] Accordingly, the judgment of the court will be affirmed.

---

[9] Since the Virgin Islands has enacted a comparative negligence statute, and since assumption of risk has survived that statute only in a sharply limited and modified form, the only question is whether the evidence introduced at trial made out assumption of risk in its now limited sense (i.e. waiver or consent). The evidence does not at all support a charge of this type. The conduct which the parties disputed was assumption of risk as a species of negligence. Since that type of conduct has been determined to no longer constitute assumption of risk, there is no other evidentiary ground on which to base the requested charge, as our examination of the record discloses.

In its Supplemental Brief, Anchor Inn suggests that when, as here, the "assumption of risk" is akin to negligence and thus subsumed within the comparative negligence framework, there should still be an assumption of risk charge given, even if it only serves as a guide to the jury in apportioning fault. As we observed in note 6 supra, we think that such a charge would be redundant and confusing. Since the comparative negligence statute has had the effect of sharply circumscribing the range of conduct which constitutes assumption of risk, we should not perpetuate that doctrine's label beyond the limited sphere in which it is still operative.