**Sammie JONES**

v.

**M. T. D. PRODUCTS, INC.**

**Civ. No. 79–367.**

United States District Court,
M. D. Pennsylvania.

May 28, 1980.

Joseph Lenahan, Scranton, Pa., for plaintiff.

Daniel T. Flannery, Rosenn, Jenkins & Greenwald, Wilkes Barre, Pa., for defendant.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

In this diversity action, plaintiff sought to recover from defendant, M.T.D. Products, Inc., manufacturer of a snow thrower, for injuries to his right hand allegedly incurred while operating the snow thrower. Plaintiff asserted two causes of action, one based on negligence and the other on strict liability of a manufacturer under Section 402(a) of the Restatement of Torts. After all evidence was received, special interrogatories were submitted to the jury separated into two counts, *viz.*, Product Liability and Negligence. Under the negligence section, the jury determined that both plaintiff and

defendant were 50% negligent[1] and awarded plaintiff $5,000. However, under the Product Liability section, the jury found that plaintiff had voluntarily assumed the risk which would bar plaintiff from recovering under § 402(a). Based on the assumption of risk finding, defendant contends that plaintiff is precluded from recovering under the negligence claim and has filed a motion to alter or amend the judgment in favor of defendant. Briefs have been filed and the matter is now in posture for disposition.

The only evidence upon which an assumption of risk defense could be based came from the mouth of plaintiff himself. He testified that on February 14, 1978, he was cleaning the sidewalk with the snow thrower manufactured by defendant when the motor choked and cut off due to the fact that the snow was clogging in the emission chute and was not being thrown to the side as anticipated. Plaintiff took an 18″ twig from a tree branch in his right hand and began pushing the snow down the chute into what he believed was an auger which would eject the snow.[2] While pushing the snow down the chute, he turned to watch two girls passing by and "all of a sudden felt my hand go down inside the chute and felt something tap the tip of my glove." Upon withdrawing his hand and removing his glove, he discovered that the tips of his two fingers were bleeding and hanging off. On cross-examination, plaintiff conceded that he did not read the operating manual "completely and thoroughly all the way through" and knew that if he intentionally put his hand in the chute that he might hurt his hand. Additionally, plaintiff testified that he had cleared snow from the auger in front of the machine immediately prior to the accident and that the auger was not moving because he had disengaged the auger clutch. He was cross-examined closely on this point by defense counsel who suggested that he had not disengaged the clutch and should have seen that the auger was still rotating which would have put him on notice that it was dangerous to poke a stick into the chute.

Based on this testimony, the jury was instructed that it could consider whether plaintiff's conduct constituted contributory negligence under the negligence count or assumption of risk under the 402(a) count.[3] While assumption of risk has been held to be a complete defense to recovery by a plaintiff in a negligence action, as hereinbefore mentioned, the jury did not receive that instruction nor was a special interrogatory submitted on that issue in the negligence action. Moreover, counsel have not located and submitted any Pennsylvania authority on the effect the adoption of the Comparative Negligence theory has on the assumption of risk defense in Pennsylvania. While there is no Pennsylvania precedent, a well-reasoned opinion of our Court of Appeals in *Keegan v. Anchor Inns, Inc.*, 606 F.2d 35 (3d Cir. 1979) convinces me that Pennsylvania courts would adopt the same approach and allow recovery to plaintiff under the circumstances of this case. The court in *Keegan* was analyzing the effect of assumption of risk on the Virgin Islands' Comparative Negligence Statute[4] and stated that "whether assumption of risk survives the enactment of a comparative negligence statute in large measure will determine if the statute will be effective in achieving its goal of modifying the harsh consequences of the common law rules [of contributory negligence being a complete bar to recovery]," *id.* at 38–39. Noting that there are two types of assump-

---

1. Pennsylvania has abandoned the complete defense of contributory negligence and has adopted a comparative negligence statute. 42 Pa.C.S.A. § 7102.

2. In fact there was no auger in the chute but paddles which rotated rapidly discharging the snow as it was picked up and moved into the paddles by an auger in the front of the machine.

3. A contributory negligence charge is not appropriate in a products liability count, although an assumption of risk charge may be warranted under certain circumstances. In a negligence context, the defense burden of establishing contributory negligence was always less demanding than that of assumption of risk.

4. The parties agree that the Virgin Islands' Comparative Negligence Statute is substantially similar to the Pennsylvania Statute.

tion of risk, *viz.*, waiver or consent and negligence, the court concluded that when conduct amounts to voluntary waiver or consent, i. e., nonnegligent conduct,[5] the absolute bar to recovery should remain, but where plaintiff's conduct amounts to negligence, that fact should be accorded weight only within the comparative scheme of the statute. "Thus, whenever the plaintiff's conduct can be fairly characterized as negligent, it falls exclusively within the statute, and no charge on assumption of risk is to be given unless some other independent proof of consent can be adduced by the defendant." *Id.*, at 40. The conduct of plaintiff as described herein could only be characterized as negligence and did not rise to the level of waiver or consent. Consequently, no charge on assumption of risk was warranted, the verdict must stand, and defendant's motion will be denied.

### ORDER

Now, this 28th day of May 1980, in accordance with the memorandum filed this day, the defendant's motion to alter or amend the judgment entered in this action is denied.

5. Indeed, the court described the circumstances where there is conduct other than negligence from which waiver or consent could be implied as "exceptional."