**ANTHONY JACKSON AND BETTY JACKSON, Plaintiffs**

**v.**

**TOPA EQUITIES (V.I.) LTD., TOPA EQUITIES, LTD., L.S. HOLDINGS, INC. D/B/A LITTLE SWITZERLAND, JOHN DOE MANUFACTURER, JOHN DOE INSTALLER, Defendants**

Civil No. 1996-175

District Court of The Virgin Islands

Division of St. Thomas and St. John

August 4, 1999

RHYS HODGE, St. Thomas, *for plaintiffs*

HENRY SMOCK, St. Thomas, *for Topa Equities, defendant*

R. ERIC MOORE, St. Croix, *for L.S. Holdings, defendant*

**MEMORANDUM**

MOORE, *Chief Judge*

Argument was heard April 23, 1999, on the separate motions of defendants Topa Equities (V.I.) Ltd., and Topa Equities, Ltd. [together "Topa"] and L.S. Holdings, Inc., d/b/a/ Little Switzer-

land ["L.S.H."] for summary judgment. The Court now issues its ruling.

Topa owns a building leased by L.S.H., which hired Kline Electrical Co. ["Kline"] to install air conditioning equipment on the roof of the building. Plaintiff, Anthony Jackson ["Jackson"], is an electrician who served as foreman for Kline. While on the roof as part of the job, Jackson fell through a skylight, landed on the stairs below, and rolled down the stairs to the first floor.[1]

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment, of course, applies to causes of action seeking damages at law and is appropriate thereon "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly sup-ported motion for summary judgment." *Anderson*, 477 U.S. at 247-48. In addition "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily ren-ders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## FACTUAL UNDERPINNINGS

Topa and L.S.H. support their motions with selections from Jackson's deposition, in which he acknowledged that he noticed the skylights and what they were made of, had been around

---

[1] Jackson's wife, Betty Jackson, is suing for loss of consortium.

skylights before, had never seen skylights made out of anything but plastic or glass, knew that the skylights at issue was either plastic or glass, knew that "they were not weight bearing, that [he] shouldn't sit on them or stand on them," and did not point out the skylights to his subordinates because, in the words of the attorney deposing him, "they were big and obvious and [he] didn't need to" point them out. (Jackson Dep. at 64-65.) There is no controversy that Jackson was aware of the skylights and the danger they presented if leaned upon. While standing on the roof, Jackson stated in his deposition that a subordinate "brought [the main electrical box] to me and it was heavy. So he set it down and I squat down to open up — I squat down, brace myself, put my hands on the skylight and I went backwards." (*Id.* at 55.) Jackson weighed 330 pounds at the time of the accident. (*Id.* at 63.)

L.S.H. is responsible under its lease for the maintenance of air conditioning and interior electrical wiring. (Def. Exh. A at para. 7(a).) Topa is responsible for the maintenance of the roof and the skylight through which plaintiff fell. (Tyne Dep., Pl. Exh. 1 at 12-13.) L.S.H. hired Kline as an independent contractor to install air conditioners on the roof. Jackson and the other Kline employees used a ladder to gain direct access to the roof without using L.S.H.'s premises in any way. Additional relevant facts Jackson raises in opposition to the motions are that the skylights generally were in disrepair: 40 years old, cracked, faded, fragile and leaking. Finally, the skylights had no warning label.

## ASSUMPTION OF THE RISK

Section 343 of the Restatement (Second) of Torts subjects possessors of land to liability to invitees harmed by a condition on the land if the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk" and "should expect that they will not discover or realize the danger, or will fail to protect themselves against it," and "fails to exercise reasonable care to protect them against the danger." RESTATEMENT (SECOND) OF TORTS § 343 (1946).

However, both L.S.H. and Topa assert that summary judgment is appropriate because Jackson assumed the risk associated with the known and obvious dangers of the skylight. The Restatement provides:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Id.* at § 343A.

In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

*Id.* at § 343A cmt. e. There is no doubt that Jackson was an invitee. *See id.* at § 332 (defining invitee).

Defendant Topa bolster's its argument by citing the United States Court of Appeals for the Third Circuit's decision in *Monk v. Virgin Islands Water & Power Auth.*, 53 F.3d 1381 (3d Cir. 1995). The Court of Appeals concluded that

Plaintiff "fully understood the risk of harm to himself and voluntarily chose to enter the area of risk." Although the issue of whether a danger was "known or obvious" generally is a question of fact for a jury, . . . there is no dispute in this case that Monk knew of the risk posed by the power lines. . . . Thus, he assumed the risk of injury.

*Id.* at 1388.

■ Based on the evidence and argument before the court, neither of the defendants have demonstrated at this stage that

Jackson "fully understood" the "actual condition" of the skylight,[2] unlike, for instance, the plaintiff in *Smollett v. Skayting Dev. Corp.*, 793 F.2d 547 (3d Cir. 1996) (skater assumed risk when she skated off the rink onto carpet). Further, a jury well might find that Jackson's acts, rather than being "'non-negligent conduct which constitutes waiver or consent'", were instead negligent and therefore preclusive of assumption of the risk. *Id.* (quoting *Keegan v. Anchor Inns, Inc.*, 606 F.2d 35, 41 (3d Cir. 1979). Since assumption of the risk is the only ground raised by Topa, its motion for summary judgment will be denied.

## POSSESSOR OF THE ROOF

■ L.S.H. is entitled to be summarily dismissed as defendant, however, because only the possessor of land has the duty to warn an invitee of known or obvious conditions under section 343 and it did not possess the roof from which plaintiff fell. The Restatement defines a possessor of land as "a person who is in occupation of the land with intent to control it . . . ." RESTATEMENT (SECOND) OF TORTS § 328E(a). L.S.H. leased the interior of the building to be used as retail sales space and offices from Topa. L.S.H. has no control over the roof or any of the facilities or features on it, such as the skylights, although it is responsible for the maintenance of air conditioning and interior electrical wiring. Topa, as owner and landlord, kept occupancy of the roof and retained the responsible for the maintenance of the skylights on the roof. That Kline and its employees had to go onto the roof to carry out L.S.H.'s responsibility to maintain the air conditioning did not bring L.S.H. into "occupation of the [roof] with intent to control it." Topa, not L.S.H., was the possessor of the roof from which Mr. Jackson fell. Therefore, L.S.H., as tenant, had no duty to Jackson, it's motion for summary judgment will be granted, and it will be dismissed from this case.[3]

---

[2] From the evidence before the Court, it is impossible to find that the **condition** of the skylights, rather than their existence generally, was known or obvious to Jackson.

[3] The Court rejects L.S.H.'s argument that Jackson has no cause of action against L.S.H. as an employee of an independent contractor, attempting to rely on Restatement section 409: "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Although it is true that

## CONCLUSION

Defendant Topa's motion for summary judgment will be denied. Defendant L.S.H.'s motion for summary judgment will be granted.

ENTERED this 4th day of August, 1998.

### ORDER

For the reasons stated in the foregoing memorandum, it is hereby

ORDERED that the motion for summary judgment of defendants Topa Equities (V.I.) Ltd. and Topa Equities, Ltd. is DENIED; and it is further .

ORDERED that motion for summary judgment of defendant L.S. Holdings, Inc., d/b/a/Little Switzerland, is granted.

The Clerk is directed to remove L.S. Holdings, Inc., d/b/a/Little Switzerland, from the caption of the case.

ENTERED this 4th day of August, 1999.

---

suits cannot be brought by employees of an independent contractor against the employer of the contractor for job injuries premised on certain sections of the Restatement (chapter 15), see Monk, 53 F.3d at 1389-94 (disallowing section 413 "peculiar risk" claim against employer of independent contractor), Jackson is suing under sections 343 and 343A (chapter 14), which may be brought against employers of independent contractors, see id. at 1392 ("A contractor's employees, along with other invitees, still have the right to sue for latent defects on the land, see RESTATEMENT (SECOND) OF TORTS § 343, or for 'known or obvious' dangers whose harm should have been anticipated, see id. § 343A.").