**KELVIN CHESTERFIELD, Plaintiff/Appellant**
**v.**
**ROBERT HENRY, Defendant/Appellee**

D.C. Civ. App. No. 2004-177

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 21, 2006

Kelvin Chesterfield, *Pro se,* St. Thomas, U.S.V.I.

*For Appellee*: No appearance.

FINCH, *Chief Judge of the District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

**Judgment of the Court**

(August 21, 2006)

Kelvin Chesterfield ("Chesterfield") appeals from the dismissal of his complaint in the small claims division of the Superior Court.[1] Chesterfield timely filed this appeal arguing:

1. The trial court erred by relying on the doctrine of last clear chance as grounds for dismissing the complaint; and

2. The trial court erred by failing to apportion fault and damages as required by title 5, section 1451 of the Virgin Islands Code.

## I. FACTUAL BACKGROUND AND OVERVIEW

On April 24, 2004, Chesterfield was driving behind Robert Henry ("Henry"). Henry drove into the right-hand lane, apparently to swing his vehicle wide enough to make a tight left-hand turn. Chesterfield thought Henry was going to turn right, so Chesterfield continued driving and collided with Henry when Henry got back in the left lane for his left turn. Chesterfield filed a complaint in the small claims court when Henry refused to pay for repair costs. On June 15, 2004, the trial court dismissed the complaint after a hearing, noting

> [T]he Court is unable to conclude ... that either party is responsible for this accident. In other words, the Court finds that there was contributory negligence on the part of Plaintiff, even though there might be negligence on the part of the Defendant.

> It is clear ... that Mr. Henry was attempting an improper left turn into the left lane. What is not clear is whether Mr. Chesterfield[2] had a last clear chance to avoid this accident. Because the testimony was unclear as to whether Mr. Chesterfield[3] had the last clear

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

[2] As explained below, the last clear chance doctrine refers to whether the defendant had the last clear chance to avoid the accident. It appears the court must have meant that the evidence was unclear as to whether Henry had the last clear chance.

[3] *See id.*

chance, the Court really cannot find, by a preponderance of the evidence, that Mr. Chesterfield has met his burden with respect to this matter.

[Appendix at 24.]

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I. CODE ANN. §§ 33-40, and reinstating appellate jurisdiction in this Court); Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a.

The standard of review for the trial court's conclusions of law is plenary. *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984).

## III. ANALYSIS

Under the Restatement (Second) of Torts, and "at common law, a plaintiff's contributory negligence barred any subsequent recovery for damages ... ." *Monk v. Virgin Islands Water & Power Auth.*, 53 F.3d 1381, 1384 (3d Cir. 1995). "[I]n the absence of local laws to the contrary," the Restatement is law in the Virgin Islands. V.I. CODE. ANN. tit 1, § 4.

█ When the Virgin Islands legislature enacted title 5, section 1451 of the Virgin Islands Code, it abolished the common law rule and "adopted a comparative negligence statute that apportioned fault between the plaintiff and defendant." *Id.* at 1386; *Keegan v. Anchor Inns, Inc.*, 606 F.2d 35, 38, 16 V.I. 635 (3d Cir. 1979) (noting the comparative negligence statute "remove[d] the absolute bar to recovery imposed by the doctrine of contributory negligence and replace[d] it with a scheme for apportioning fault between the plaintiff and the defendant"). Section 1451 provides that

> (a) ... the contributory negligence of the plaintiff shall not bar a recovery, but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff. ... If such claimant is found by the trier of fact to be more at fault than the defendant ... the claimant may not recover.

> (c) The trier of fact shall report by general verdict the total damages, in dollars and cents ... and if plaintiff is found to be

434

contributorily negligent, shall also report the amount to which the damages are reduced by reason thereof ... .

5 V.I.C. § 1451 (emphasis added). The issue now is whether section 1451 also abolished the last clear chance doctrine as a defense.

▓ The last clear chance doctrine is an exception to the common law contributory negligence rule. The last clear chance doctrine permits a negligent plaintiff to recover when the defendant had the last clear opportunity to avoid the accident. *See* RESTATEMENT (SECOND) OF TORTS §§ 479-480. It was judicially created to ameliorate the harshness of the contributory negligence rule. RESTATEMENT (SECOND) OF TORTS § 479 cmt. a.

Many courts have noted that the use of comparative negligence completely abrogated the last clear chance doctrine. *See, e.g., Mid-South Towing Co v. Exmar Lux*, 418 F.3d 526, 532 (5th Cir. 2005) ("[T]he last clear chance doctrine is obsolete in light of admiralty's comparative fault regime ... ."); *Roggow v. Mineral Processing Corp.*, 894 F.2d 246, 248 (7th Cir. 1990) (noting that under the majority view "the last clear chance doctrine ceases to be a viable doctrine when contributory negligence is abandoned"); *Hercules, Inc. v. Stevens Shipping Co.*, 765 F.2d 1069, 1075 (11th Cir. 1985) ("Under a 'proportional fault' system, no justification exists for applying the doctrines of intervening negligence and last clear chance."); *Brothers Trading Co. v. Charleston Nat'l Bank*, 1992 U.S. App. LEXIS 18019, 14-15 (4th Cir. 1992) ("[T]he West Virginia courts, in adopting the comparative negligence system, have abandoned the last clear chance doctrine.") (unpublished); *but see Macon v. Seaward Constr. Co.*, 555 F.2d 1, 2 (1st Cir. 1977) ("[T]he components of the [last clear chance] doctrine remain as proper factors for the jury to consider in apportioning fault.").

▓ Nonetheless, section 1451 permits a negligent plaintiff to recover, provided his negligence is not more than that of the defendant. The last clear chance doctrine would permit a plaintiff to recover, even if his fault was greater than the defendant's, if the defendant had the last clear chance to avoid the accident. Thus, the last clear chance doctrine conflicts with section 1451. The Restatement only applies when there is no law to the contrary, but here, section 1451 conflicts. Thus, the last clear chance doctrine was abolished by section 1451.

Section 1451 uses mandatory language, indicating the plaintiff's contributory negligence "shall not bar a recovery" and the "trier of fact shall report by general verdict" the amount of the plaintiff's damages and the plaintiff's fault. 5 V.I.C. § 1451. In applying the last clear chance doctrine, the trial court circumvented this statute. Additionally, the trial judge did not apportion the fault between Chesterfield and Henry. Rather than deny any recovery, the trial court should have apportioned fault.

## IV. CONCLUSION

The legal conclusions of the trial judge are unsound. The last clear chance doctrine cannot be used to bar a negligent plaintiff's recovery in contravention of section 1451. Accordingly, this Court reverses the trial court's dismissal of the complaint and remands the case for proceedings consistent with these holdings.