LaFRANCE EQUIPMENT INTERNATIONAL CORPORATION, Plaintiff

v.

LLEWELYN REED d/b/a SPANISH NEEDLE IMPORTS; GOVERNMENT OF THE VIRGIN ISLANDS; HERMAN RICHARDSON, COMMISSIONER OF DEPARTMENT OF PROPERTY AND PROCUREMENT; CLAUDE CHRISTIAN, COMMISSIONER OF DEPARTMENT OF FINANCE, Defendants

Civil No. 514/1983

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 28, 1983

TODD H. NEWMAN, ESQ. (NICHOLS AND NEWMAN), Christiansted, St. Croix, V.I., *for plaintiff*

JOYCE G. O'REILLY, ESQ., Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for Government of the V.I.*

MR. LLEWELYN REED, Spanish Needle Imports, Christiansted, St. Croix, V.I., *pro se*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

In this action for debt plaintiff has filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c).

## FACTS AND DISCUSSION

The facts in this case are neither complex nor novel, yet their chronological significance merits detailed publication. Plaintiff, LaFrance Equipment International Corporation (hereinafter referred to as "LaFrance"), manufactures and sells fire trucks. Defendant, Llewelyn Reed d/b/a Spanish Needle Imports (hereinafter referred to as "Reed"), an importer, sold a LaFrance manufactured fire truck to defendant Government of the Virgin Islands on October 19, 1982. On October 27, 1982 defendant Reed sent to defendant Government of the Virgin Islands a Notice of Assignment, directing the Government to "make all checks payable to LaFrance Equipment Corporation, assignee for Llewelyn G. Reed d/b/a Spanish Needle Imports." In addition to the foregoing, plaintiff LaFrance delivered to the Government of the Virgin Islands a Form NAA-2, Notice of Assignment, which was received and acknowledged by the Government on January 18, 1983. Subsequently, by letter dated February 28, 1983, defendant Reed delivered to the Government of the Virgin Islands a demand by means of which he gave directions to "cancel the order [*i.e., the assignment*] and make payment direct (sic) to Spanish Needle Imports." In apparent reliance of Reed's attempted rescission of the assignment, defendant Government of the Virgin Islands drew a check in the amount of $38,400.00, payable to the order of Spanisch (sic) Needle Imports, Inc.

Plaintiff thereafter filed suit, essentially complaining that the payment by defendant Government of the Virgin Islands to defendant Reed was in violation of the assignment contract. Defendant Government of the Virgin Islands, in response, filed an unverified answer, raised several affirmative defenses and brought a cross-claim seeking indemnity against Reed. Defendant Reed failed to answer, appear or otherwise defend and a judgment by default has been entered against him on plaintiff's claim pursuant to 5 V.I.C. App. IV, R. 48, Rules of the Territorial Court.

Summary Judgment is proper and the judgment sought should be rendered forthwith if the pleadings, depositions, answers to inter-

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Defendant Government of the Virgin Islands filed its Motion in Opposition to Summary Judgment unsupported by affidavits. This Court assumes that such opposition is premised on defendant Reed's attempted rescission of the assignment, as this is the contention of the Government in its Answer and Response to Request for Admission.[1]

 Whether defendant Reed attempted to rescind the assignment may very well raise a question of fact, yet this question would not preclude an otherwise proper summary judgment, as resolution of that issue is immaterial to the issue of liability of the Government of the Virgin Islands. *After notice of a valid assignment, a payment to the assignor or any person other than the assignee is at the debtor's peril and does not discharge him from liability to the assignee.* (Emphasis added.) Superior Block, Inc. v. Simon, et al., Civ. No. 94/1981 (Terr. Ct., St. Croix, April 27, 1983), citing 6A C.J.S. Assignments, § 87b, and cases. Hence, this question does not present a genuine issue as to a *material* fact. The Government of the Virgin Islands no doubt seeks resolution of this fact issue to determine the outcome of its cross-claim. However, it has raised no genuine issue of material fact which would preclude rendition of summary judgment against it and in favor of plaintiff. When a Motion for Summary Judgment is made and supported, as provided in [Rule 56 F.R.C.P.], an adverse party may not rest upon the mere allegations or denials of its pleading, but its response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue of material fact for trial. If he does not so respond, summary judgment, if appropriate, should be entered against it. Fed. R. Civ. P. 56(e). Interestingly, the Notes of Advisory Committee on Rules following Rule 56 remark that Section e was added by amendment in 1963 to overcome a line of cases, chiefly in the Third Circuit, which had impaired the utility of the summary judgment device. Cases in the Third Circuit had previously denied

---

[1] The defendant's Motion in Opposition to Summary Judgment stated that its reasons for opposing Summary Judgment were enumerated in a memorandum of law attached to the Motion. No such memo was attached or filed with the Court. This Court made at least two attempts over a 50-day period to procure the memorandum from the defendant Government of the Virgin Islands but was unsuccessful. As of this date, neither a contradictory affidavit nor a memorandum of law has been filed with the Court.

summary judgment if the adverse party merely rested upon averments of "well pleaded" facts. See, Frederick Hart & Co., Inc. v. Recordgraph Corp., 169 F.2d 580 (3rd Cir. 1948). The Advisory Committee noted that the very mission of the summary judgment procedure was to pierce the pleadings and to assess the proof in order to see whether there was a genuine need for trial. The [old] Third Circuit doctrine, which permit[ted] the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. Fed. R. Civ. P. 56 advisory committee note, 1963 amendment subdivision (e). The Third Circuit now follows the practice prescribed by the 1963 amendment to Rule 56(e) and an adverse party may no longer rely on well pleaded facts alone. See, Sound Ship Building Corp. v. Bethlehem Steel Company, 533 F.2d 96 (3rd Cir. 1976); cert. denied, 429 U.S. 860, 97 S.Ct. 161 (1976). As defendant Government of the Virgin Islands has presented no genuine issue of material fact in opposition to plaintiff's Motion, Summary Judgment will be granted.

## THE CROSS–CLAIM

■■ Finally, this Court will address defendant Government of the Virgin Islands' cross-claim which was set forth as a part of the original answer. There is no evidence of record that defendant Reed was ever served with the cross-claim as is required by T5 App. I, R. 5 Fed. R. Civ. P. Although Reed did not answer plaintiff's complaint and was defaulted as to plaintiff's cause of action, still, without proper service of the pleading, this Court is powerless to proceed on the cross-claim. One alternative for the Court would be to dismiss the cross-claim without prejudice. If service of a copy of the cross-claim is not made upon a defendant within a reasonable time after the filing of the complaint and the party by whom such service was required cannot show good cause why such service was not made within that period, the action may be dismissed as to the cross-claimant, without prejudice, upon the court's own initiative on notice to such party. However, in the interest of justice, this Court will allow the defendant Government of the Virgin Islands thirty (30) days to perfect the cross-claim against defendant Reed, so that the issue of ultimate liability may be determined on the merits and ultimate responsibility imposed upon the proper party.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED, ADJUDGED and DECREED that plaintiff have summary judgment against the defendant Government of the Virgin Islands pursuant to Fed. R. Civ. P. 56, and it is further

ORDERED, ADJUDGED and DECREED that defendant Government of the Virgin Islands be allowed thirty (30) days to perfect the cross-claim against defendant Llewelyn Reed.