**SUN ALLIANCE INSURANCE COMPANY OF
PUERTO RICO, INC., Plaintiff**

**v.**

**WINSTON LIBURD, Defendant**

Civil No. 32/1984

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

May 16, 1984

JUDITH A. TURNER, ESQ. (ISHERWOOD HUNTER AND COLIANNI),
Christiansted, St. Croix, V.I., *for plaintiff*

LARY RATLIFF, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

### MEMORANDUM OPINION

This matter comes before the Court on the Motion of plaintiff, Sun
Alliance Insurance Company of Puerto Rico, Inc. (hereinafter
referred to as "Sun") for Summary Judgment.

### FACTS

Sun issued to Austin Jones (hereinafter referred to as "Jones"), an
automobile liability insurance policy which, at all times relevant
hereto, was in full force and effect. This policy contained a standard
omnibus clause which is set forth at length infra.

On or about October 25, 1982, Jones, in anticipation of his depar-

431

ture from the Island of St. Croix for a short period of time, requested Lawrence Liburd (hereinafter referred to as "Lawrence"), an acquaintance of his, to drive Jones' vehicle to Jones' home upon his departure, to remove the battery from the vehicle and to use the vehicle for no purpose other than to return it to his home from his, Jones', place of employment. In furtherance of his request, Jones delivered a set of keys to the vehicle to Lawrence. These instructions were followed by Lawrence except that he failed to remove the battery from the vehicle.

On or about October 31, 1982, and during Jones' absence from St. Croix, Winston Liburd (hereinafter referred to as "Winston") a brother of Lawrence secured the keys to Jones' vehicle. Neither Lawrence nor Jones gave the keys to Winston nor did either of them give Winston permission to use the vehicle. During Winston's unauthorized use of the vehicle, he became involved in an accident with a vehicle operated by one John Hanley who, as a result, instituted suit against Jones and Winston for personal injury and property damage.[1] Sun now seeks a Judgment declaring that Winston is neither a named insured nor an additional insured as defined in the policy and that Sun therefore owes no duty of coverage to Winston Liburd with respect to Hanley's suit against Winston and Jones.[2]

## DISCUSSION

Summary Judgment is proper and the Judgment sought should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law. Fed. R. Civ. P. 56(c). LaFrance Equipment International Corporation v. Llewellyn Reed d/b/a/ Spanish Needle Imports, et al., 20 V.I. 111 (Terr. Ct. 1983).

The declaration sought by Sun herein rests upon a determination of whether Winston Liburd was an insured under the omnibus clause of the insurance policy. The policy in pertinent part reads as follows:

### II. PERSONS INSURED.

Each of the following is an insured under this insurance to the extent set forth below:

---

[1] This suit is styled Hanley v. Jones and Liburd, Civil No. 1982/1982, and is presently pending in Territorial Court.

[2] Sun also seeks a declaration that it is not required to provide a defense on behalf of Liburd in the Hanley case.

(a) the named insured;

. . . .

(c) any other person while using an owned automobile or a temporary substitute automobile *with the permission of the named insured,* . . . (emphasis added).

Affidavits filed by Austin Jones and Lawrence Liburd specifically state that Winston Liburd was not given permission to use the Jones automobile. There has been no affidavit submitted by or on behalf of Winston asserting use of the automobile with permission, nor contradicting the affidavits submitted in support of plaintiff's Motion for Summary Judgment.[3] In fact, plaintiff's Summary Judgment affidavits are wholly uncontroverted. As no genuine issue of material fact has been presented, movant is entitled to Summary Judgment as a matter of law.

---

[3] The affidavit submitted by John Hanley provides defendant Winston Liburd no comfort. It fails to identify the third-party which it mentions and is, at all events totally conclusory rather than factual in nature. Neither does the allegation of permissive use set forth at paragraph 5 of the Hanley, et al. v. Jones complaint assist Winston for a party may not rest upon the mere allegations or denials of his pleadings. See, Rule 56(e) Fed. R. Civ. P. This Court does not address the question of the propriety of counsel for Hanley, not a party to this action, to oppose the summary judgment motion without benefit of leave to intervene in the case at bar. Rather, the affidavit of John Hanley is considered only as an affidavit of a *witness* for the purpose of this motion.