**PAULA AYALA LOGAN and JOHN K. LOGAN, Plaintiffs**

**v.**

**ABRAMSON ENTERPRISES, INC., LESLIE MEYERS and TRADEWINDS BUILDING SUPPLY, INC., Defendants**

Civil No. 1990-264

District Court of the Virgin Islands

Div. of St. Croix

March 17, 1994

MOORE, *Chief Judge*

## MEMORANDUM AND ORDER

By way of this motion, defendant Abramson Enterprises, Inc. ("Abramson") moves for summary judgment pursuant to Fed. R. Civ. P. 56.

# I. BACKGROUND

This action arises out of an automobile accident. On or about June 29, 1989, plaintiff Paula Ayala Logan ("Logan") was driving her automobile in the vicinity of Queen Mary's Highway near Kingshill, when the vehicle was rear-ended by a truck. Leslie Meyers ("Meyers"), an employee of Tradewinds Building Supply, Inc. ("Tradewinds") was the driver of the truck. The vehicle was owned by Abramson. Plaintiff seeks to recover damages from Abramson, Meyers, and Tradewinds for her physical injuries as well as damage to her automobile. Tradewinds is sued under the doctrine of respondeat superior. Abramson is sued under the theory of negligent entrustment as it is alleged that the truck being driven by Meyers was leased to Tradewinds by Abramson.

# II. DISCUSSION

■ A court may enter summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-moving party must show that a genuine issue exists; in so doing, that party receives the benefit of all reasonable doubts and inferences drawn from the underlying facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Not every issue of fact will be sufficient to defeat a motion for summary judgment; issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Abramson, as the moving party, contends that it is not liable for Logan's injuries because it was not responsible for the use or maintenance of the truck driven by Meyers. It asserts that judgment as a matter of law is appropriate because Abramson owed no duty of care to Logan. According to Abramson, the truck was leased to Tradewinds as an independent contractor and it retained no control over the vehicle.

■■ The elements of a negligence cause of action are duty, breach of duty, causation and damages. Restatement (Second) of Torts § 281 (1965). Summary judgment in the defendant's favor is appropriate if the plaintiff cannot meet its burden as to any of the

four elements. Perez v. Gov't of the Virgin Islands, 23 V.I. 220, 222 (D.V.I. 1987), aff'd, 847 F.2d 104 (3d Cir. 1988). In this case, genuine issues of material fact exist as to whether Abramson negligently entrusted the vehicle to Tradewinds. First, it is not clear whether Abramson retained any control over the truck driven by Meyers. There is a dispute over Tradewinds' relationship to Abramson, although Abramson contends that it was an "independent contractor" relationship. Also, there is a dispute over the lease agreement which purportedly made Tradewinds responsible for maintenance of the vehicle. Second, the condition of the truck's brakes at the time of the accident is clearly at issue as shown by the affidavit of Marva Heidmann. (See Heidmann Aff. ¶ 7.)

## III. CONCLUSION

At a minimum, the record before this court reveals disputes over whether Abramson owed a duty of care to Logan and whether Abramson's breach of duty proximately caused the damages sustained by Logan. Accordingly,

It is therefore on this 17th day of March 1994,

ORDERED that defendant Abramson's motion for summary judgment be and hereby is DENIED.