Benjamin CLAYMAN, Plaintiff,

v.

**STARWOOD HOTELS & RESORTS WORLDWIDE, d/b/a Westin Resorts, a New York Corporation, Defendant.**

No. 02–2597–JWL.

United States District Court, D. Kansas.

Nov. 3, 2004.

Bobbie R. Bailey, Howard, Rome, Martin & Riddley, LLP, Redwood City, CA, Jeremy L. Friedman, Oakland, CA, for Plaintiff.

Jeffrey R. King, Lathrop & Gage L.C., Derrick A. Pearce, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, John Austin Felton, Lathrop & Gage L.C., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff filed suit against defendant based on negligence (breach of innkeeper's duty of care) and breach of contract. This matter is presently before the court on plaintiff's motion for partial summary judgment (doc. # 99) and defendant's motion for summary judgment (doc. # 104). Both motions for summary judgement are granted in part and denied in part. More specifically, the court grants defendant's motion for summary judgement on plaintiff's contract claim finding that the contract claim is duplicative of the tort claim; grants plaintiff's motion for summary judgment on defendant's affirmative defense of express assumption of risk because this defense is not allowed by Virgin Islands law; grants plaintiff's motion for summary judgment on defendant's affirmative defense of plaintiff's comparative fault regarding plaintiff's misuse of the cable cross-over machine because no genuine issue of material fact exists as to whether plaintiff's negligence caused his injury; and grants plaintiff's motion for summary judgment on defendant's affirmative defense of comparative fault of nonparties since fault may only be apportioned between parties under Virgin Islands law.

The court denies plaintiff's motion for summary judgement on plaintiff's tort claim, finding genuine issues of material fact exist as to whether defendant breached the duty of care owed to plaintiff, and genuine issues of material fact exist as to whether the alleged breach of duty caused plaintiff's injuries; denies plaintiff's motion for summary judgement on defendant's affirmative defense of plaintiff's comparative fault with regard to plaintiff's use of the machine to the extent the evidence would support an inference that he noticed a problem with the cable that later broke causing his injury; denies defendant's motion for summary judgment on capping noneconomic damages because the Kansas statute does not apply and there are no such caps under Virgin Islands law; and defendant's motions for summary judgment regarding past medical costs and lost future wages, lost past bonuses and lost future bonuses are denied as genuine issues of material fact exist.

Also, defendant's motion for summary judgment on plaintiff's claim for future medical expenses is denied pending compliance with Rule 26(a)(1)(C).

## I. FACTS[1]

The following facts are uncontroverted. The Westin Resort in St. John, United

---

1. Additional facts will be provided as they relate to specific issues.

States Virgin Islands, provides its guests with a fitness center containing exercise equipment on the hotel premises for the guests' use and enjoyment. On December 3, 2000, while working out at the fitness center in the Westin St. John Resort, plaintiff engaged the cable crossover machine in a lat pull-down exercise, by pulling down on a metal bar attached to a cable running though a pulley carrying 250 pounds in weight. Prior to beginning his workout, plaintiff signed a document entitled "Release and Waiver." While using the cable crossover machine, a cable failed causing the metal bar to hit plaintiff's head.

Defendant owned, operated, advertised, marketed, and controlled the Westin Resort, in St. John, at the time plaintiff allegedly sustained his injury. Plaintiff was a paying customer staying at the Westin Resort in St. John at the time of his alleged injury.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.2001) (citing *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could

resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. American Guarantee & Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir.2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1197–98 (10th Cir.2000) (quoting *Adler*, 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript or a spe-

cific exhibit incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

## III. CHOICE OF LAW

█ As a federal court sitting in a case with jurisdiction conferred by diversity of citizenship between the parties, this court applies the substantive law of the state in which it sits, including that state's choice of law rule. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Kansas adheres to the rule of *lex loci delicti* (the place of the injury) for claims involving tort law. *Ling v. Jan's Liquors,* 237 Kan. 629, 634, 703 P.2d 731 (1985). *See Schnuelle v. C & C Auto Sales, Inc.,* 99 F.Supp.2d 1294, 1299 (D.Kan.2000). Because the injury in this case occurred in the Virgin Islands, a territory of the United States, Virgin Islands substantive law governs.

█ In the Virgin Islands, courts follow the Restatement of Law. 1 V.I.C. § 4 ("The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute...shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply."). In the absence of local law and guidance from the Restatement of Law, the rules of common law "as generally understood and applied in the United States" are the rules of decision in the Virgin Islands. *Id.; see Pourzal v. Marriott Int'l., Inc.,* 305 F.Supp.2d 544, 547 (D.Vi.2004). Precedents from Virgin Island court opinions constitute local law.

## IV. NEGLIGENCE/BREACH OF INN-KEEPER DUTY OF CARE

Plaintiff brings a tort claim alleging that defendant failed to conduct preventive maintenance or routine inspections on the exercise equipment in its exercise facilities prior to plaintiff's injury. "The elements of a negligence suit are well established: 'duty, breach of duty, causation and damages.'" *Gass v. V.I. Tel. Corp.,* 149 F.Supp.2d 205, 209 (D.Vi.2001)(*quoting Logan v. Abramson Enters., Inc.,* 30 V.I. 72, 73 (D.V.I.1994); Restatement (Second) of Torts § 281 (1965)).

Here, the parties disagree as to what duty of care defendant owed the plaintiff. Under the Restatement (Second) of Torts § 314A, "[a]n innkeeper is under a duty to its guests to take reasonable action to protect them against unreasonable risk of physical harm." In *Manahan v. NWA,* 821 F.Supp. 1105 (D.Vi.1991), the court made it clear how far this duty is extended, holding that a hotel has a duty "to take reasonable steps to minimize risks that are foreseeable to its guests when they are reasonably within its sphere of control." *Manahan,* 821 F.Supp. at 1109 (adopting the "sphere of control" approach of *Banks v. Hyatt Corp.,* 722 F.2d 214 (5th Cir.1984))(holding hotel liable for shooting of patron that occurred within four feet of the entrance to the hotel).

█ In this case, it is clear that the exercise facility was under the control of defendant. The court, therefore, finds that defendant owed plaintiff the duty of care that innkeepers owe guests, to take reasonable action to protect them against unreasonable risk of physical harm.

█ Plaintiff also argues that defendant's duty of inspection is "non-delegable" in the sense that courts around the country have held innkeepers liable for the negligence of their contractors. The court

agrees. As an innkeeper, defendant is liable under Virgin Islands law for the negligent acts or omissions of contractors. *See* Restatement (Second) of Torts § 425, Illustration 2 (a hotel is liable when it hires a plumber to install a shower bath and the plumber's negligence injures a guest).

Even if defendant owed plaintiff the duty of care of an innkeeper that cannot be "delegated," defendant argues that summary judgment is not appropriate because there are material issues of fact in dispute as to whether defendant breached the duty of care. Defendant argues that it hired an independent contractor, WTS, International ("WTS") to provide maintenance for the exercise equipment in the center, and the evidence also shows that, prior to plaintiff's injury, WTS representatives engaged in "walk-through" inspections of the fitness center to determine whether the equipment contained in the facility was working properly.

■ The court finds that based upon this evidence a reasonable jury could find that defendant did not breach the duty of care owed to plaintiff, and therefore summary judgment is not appropriate. *See* Restatement (Second) of Torts § 328C (whether the defendant has conformed to the standard of conduct required by the law is a question for the jury where different conclusions may be reached).

The parties also dispute whether defendant's alleged breach of the duty of care was the proximate cause of plaintiff's injuries. *See Chelcher v. Spider Staging Corp.*, 892 F.Supp. 710, 718 (D.Vi.1995)(plaintiff must show that defendant's breach of duty was a substantial factor in causing his injuries). Plaintiff argues that his injury was caused by a failed cable, that the cable failed because of a defect, and that defendant failed to warn or protect against the defect because it neglected to perform inspections.

Defendant argues that even if it breached a duty owed to plaintiff, a genuine issue of fact exists as to whether its breach caused plaintiff's injury. Defendant's expert witness, Peter Poczynok, conducted an examination of the broken cable and found that any degeneration in the cable could not have been seen by someone who inspected the cable prior to plaintiff's injury. Defendant argues that even if it would have engaged in hourly inspection of the cable, it could not have prevented the failure from taking place. Therefore, it contends, even if there was a breach of the duty owed to plaintiff, that breach was not the cause of plaintiff's injury.

The court finds that the evidence presented by defendant is sufficient so that a jury could find that any alleged breach of duty was not the proximate cause of plaintiff's injury, and therefore summary judgment is not appropriate regarding the proximate cause of plaintiff's injuries. *See* Restatement (Second) of Torts § 328C (whether the defendant's conduct is a legal cause of the harm to the plaintiff is a question for the jury when different conclusions can be reached on the issue).

Since genuine issues of material fact exist as to whether defendant breached the duty of care owed to plaintiff, and genuine issues of material fact exist as to whether the alleged breach of duty caused plaintiff's injuries, the court denies plaintiff's motion for summary judgment on his tort claim.

## V. BREACH OF CONTRACT CLAIM

In its complaint, plaintiff alleges that defendant breached an implied obligation to exercise reasonable care for plaintiff's safety giving rise to his breach of contract claim. Plaintiff claims that this implied contract was breached when defendant failed to inspect the equipment in its exer-

cise facility causing plaintiff harm, the same facts that give rise to his tort claim. Defendant moves for summary judgment on this claim arguing plaintiff cannot recover both under tort law and contract law by proving the same set of facts, and the court agrees.

Plaintiff argues that it is proper to bring a tort claim and a contract claim predicated on the same operative facts in a single action, citing *Guardian Trust & Deposit Co. v. Fisher*, 200 U.S. 57, 26 S.Ct. 186, 50 L.Ed. 367 (1906). However, *Guardian Trust* is not applicable because the governing law here is the law of the Virgin Islands not North Carolina as in *Guardian Trust*.

■ The law of the Virgin Islands is clear that a plaintiff cannot proceed under two theories of law that require proving the same set of facts. In *Mossman v. Moran*, the plaintiff's complaint sought recovery based upon contract law and tort law. 2004 WL 1664010, * 5 (D.Vi. June 1, 2004). There, the court granted a motion to dismiss the tort claim, finding that the tort claim was an attempt to recast the contract claim as a tort since both claims relied on the same set of facts. *Id.* Also, in *Moore v. A.H. Riise Gift Shops*, the court dismissed a tort claim when the court could not determine how the facts alleged where distinct from other torts alleged. 659 F.Supp. 1417, 1426 (D.Vi. 1987).

Here, Plaintiff's contract claim is duplicative of his tort claim, and therefore summary judgment is proper.

## VI. EXPRESS ASSUMPTION OF RISK

In support of defendant's argument that summary judgment is appropriate on plaintiff's tort claim, defendant argues that plaintiff expressly assumed the risk of injury from working out in defendant's exercise facilities when plaintiff signed a release and waiver prior to beginning his work out. Plaintiff argues that defendant waived any affirmative defense based upon release, waiver, or express assumption of risk because defendant failed to plead this defense. *See* Fed. R. Civ. Pro. 8(c).

In the Answer at affirmative defense ¶ 3, defendant plead "Starwood states that whatever damages, if any, Plaintiff Benjamin Clayman may have suffered by reason of the incidents alleged in his Complaint, such injuries and damages were directly caused or directly contributed to by Plaintiff Benjamin Clayman's assumption of the risk of injury."

■ The court finds that this pleading was sufficient for defendant to preserve the affirmative defense of express assumption of risk. The policy behind Rule 8(c) is to put plaintiff on notice well in advance of trial that defendant intends to present a defense. *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir.1982). Assuming that this pleading is unclear, as plaintiff argues, blending assumption of risk and comparative fault, it did give plaintiff sufficient notice that a defense involving assumption of risk was being raised. If plaintiff needed clarification of this pleading, it had time to do so well before trial.

■ Having found that defendant did not waive this defense, however, the court finds that summary judgment should be granted nonetheless because express assumption of risk is not a permissible defense in this case under Virgin Islands law. In support if its argument that plaintiff's express assumption of the risk of injury is an absolute bar to recovery, defendant cites *Keegan v. Anchor Inns, Inc.*, 606 F.2d 35, 37 (3rd Cir.1979) where the Restatement (Second) of Torts § 496B is interpreted as applied to Virgin Islands law.

In *Keegan*, the plaintiff brought a personal injury suit against the defendant, an inn, alleging negligence where plaintiff fell in a hole in the boardwalk while defendant was in the process of making repairs to the boardwalk. *Id.* at 37. The plaintiff lived on a boat, and he had to cross the boardwalk to gain access to his boat. The court found that when there is an express assumption of the risk, the defendant has no obligation to protect the plaintiff and the defendant is not liable for the consequences of conduct that might otherwise be tortious. *Id.* at 37. The rule in *Keegan*, however, does not apply to the current case. While an innkeeper was involved in that case, the plaintiff was not a guest, and therefore the defendant did not have a special relationship with the plaintiff to trigger the duty of care that innkeepers owe to guests.

A different rule of law applies when the defendant is an innkeeper and the plaintiff is a guest:

> Where the defendant is a common carrier, an innkeeper, a public warehouseman, a public utility, or is otherwise charged with a duty of public service, and **the agreement to assume the risk relates to the defendant's performance of any part of that duty, it is well settled that it will not be given effect.** Having undertaken the duty to the public, which includes the obligation of reasonable care, such defendants are not free to rid themselves of their public obligation by contract, or by any other agreement. Such a defendant may, however, limit his liability, as stated in Comments *h* and *i.*

Restatement (Second) of Torts § 496B, comment g (emphasis added). As explained above, the Virgin Islands extends the duty of an innkeeper to its guests in any place under the innkeeper's sphere of control. *See Manahan*, 821 F.Supp. at 1109. Here, it is clear that defendant was in control of the exercise facility, and therefore the agreement to assume the risk relates to defendant's performance of its duty as an innkeeper. While defendant could have contracted to limit its liability, it cannot rid itself of its duties by contract.

For the above reasons, plaintiff's motion for summary judgment is granted regarding defendant's affirmative defense of express assumption of risk.

## VII. COMPARATIVE FAULT OF PLAINTIFF

As another affirmative defense, defendant asserts that the evidence establishes that plaintiff was comparatively negligent. Specifically, defendant argues that plaintiff put the cable cross-over machine to an improper use; that he failed to notice a problem with the machine; and that even if he did notice a problem, failed to heed posted warnings which instructed him not to use the machine if there was a problem.

Plaintiff moves for summary judgment on this defense. Because there is not a genuine issue of material fact regarding the proximate cause of the accident in relation to plaintiff's alleged misused of the machine, the court grants summary judgement on this aspect of defendant's affirmative defense.

The Virgin Islands' Code provides:
> In any action based upon negligence to recover for injury to person or property, the contributory negligence of the plaintiff shall not bar a recovery, but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff. The burden of proving contributory negligence shall be on the defendant. If such claimant is found by the trier of fact to be more at fault than the defendant, or, in the case of multiple defendants, more at fault than the combined

fault of the defendants, the claimant may not recover.

5 V.I.C. § 1451(a).

■ As in any claim alleging negligence, a defendant asserting that the plaintiff was comparatively negligent must prove duty, breach of duty, causation and damages. *See* Restatement (Second) of Torts § 281. Here, defendant produced evidence to create a genuine issue of material fact as to whether plaintiff breached his duty of care through the sworn affidavit of Harvey C. Voris, stating that the cable cross-over machine plaintiff used was not designed or intended for use in the performance of a lateral pull-down exercise. Defendant, however, has not produced any evidence to create a genuine issue of fact as to whether plaintiff's alleged breach of duty caused his injury. *See* Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, Statement of Additional Material Facts, ¶¶ 1–18.

As no genuine issues of material fact exists as to whether plaintiff's misuse of the machine caused his injury, the court grants plaintiff's motion for summary judgment on this issue.

■ The court, however, denies plaintiff's motion for summary judgement on this affirmative defense with regard to plaintiff's use of the machine if he noticed a problem with the cable that later broke causing his injury because genuine issues of material fact exist. Plaintiff had the duty to exercise reasonable care even while defendant's duty as an innkeeper applied, and a reasonable jury could find that use of an exercise machine after noticing a problem was not an exercise of reasonable care that contributed to plaintiff's injury. *See* 5 V.I.C. § 1451(a).

## VIII. COMPARATIVE FAULT OF NON–PARTIES

Defendant argues not only that plaintiff was comparatively negligent in causing the accident, but also that Paramount Fitness and WTS, both non-parties, are comparatively and contributorily at fault for plaintiff's damages. Plaintiff moves for summary judgment on this affirmative defense asserting that such a defense fails as a matter of law because neither Paramount Fitness nor WTS are defendants in the current case. The court agrees.

■ States, such as Kansas, that allow apportionment of damages between parties and non-parties have done away with joint and several liability. *See Wood v. Groh,* 269 Kan. 420, 428, 7 P.3d 1163 (2000). The Virgin Islands, however, provides for joint and several liability, so even if a portion of damages were allocated to a non-party, defendant would be liable for the whole amount.

> The relevant Virgin Island Code states: Where recovery is allowed against more than one defendant, the trier of fact shall apportion, in dollars and cents, the amount awarded against each defendant. **Liability of defendants to plaintiff shall be joint and several** but, for contribution between defendants, **each defendant shall be liable for that proportion of the verdict as the trier of fact has apportioned against such defendant.**

5 V.I.C. § 1451(d)(emphasis added).

■ The statute is clear that the Virgin Islands allows contribution among tortfeasors, but the law is equally clear that in order for a defendant to have its share of damages reduced, the trier of fact must apportion that share of fault to another defendant. Here, there is no other defendant to which the trier of fact could apportion fault. Therefore, the court finds

as a matter of law, that defendant cannot reduce any judgment by the affirmative defense of comparative negligence among tortfeasors in this action. That is not to say that defendant cannot seek contribution, but it must do so in another action. *See Beloit Power Systems Inc., v. Hess Oil Virgin Islands Corp.,* 1981 U.S. Dist. Lexis 10448 (D.V.I. January 29, 1981)(allowing action for contribution where defendant was not joined as a party in the original case finding liability).

For the reasons above, plaintiff's motion for summary judgment on defendant's affirmative defense of comparative fault of non-parties is granted.

## VIII. FAILURE TO MITIGATE

Plaintiff also moves for summary judgment on defendant's affirmative defense that plaintiff failed to mitigate his damages. The magistrate judge, in his Memorandum and Order on August 26, 2004 (Doc. # 111), sustained plaintiff's objection to the inclusion of defendant's failure to mitigate defense in the Pretrial Order, as the defense was waived when defendant failed to plead it in the Answer. Defendant had 10 days after being served with the order to object, and "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." *Campbell v. Meredith Corp.,* 2003 WL 1119552, * 1 (D.Kan. Mar.7, 2003); *see* Fed.R.Civ.P. 72(a); D. Kan. Rule 72.1.4(a). Therefore, the court need not address this issue as it is moot.

## IX. LIMITING NONECONOMIC DAMAGES PER K.S.A. § 60–19a02

In its motion for summary judgment, defendant asks the court to apply K.S.A. § 60–19a02 limiting plaintiff's noneconomic damages to the $250,000 statutory cap. Plaintiff argues that granting defendant's

motion would be incorrect as the substantive law of the Virgin Islands, not Kansas, applies here.

■ As stated in the Pretrial Order and agreed to by both parties,Virgin Islands substantive law governs in this case. As the substantive law of the Virgin Islands applies, the cap for noneconomic damages under K.S.A. § 60–19a02 does not apply because a cap of damages is part of the substantive law. *See Smith v. Ingersoll–Rand Co.,* 214 F.3d 1235, 1244 (10th Cir.2000)(awarding of damages is part of the substantive law).

Having found that the Virgin Island's damage approach governs, the court denies defendant's motion for summary judgment on this issue.

## X. PLAINTIFF'S CLAIMED SPECIAL DAMAGES

Defendant moves for summary judgment on plaintiff's demands for past medical cost, payment for future medical treatments, and for future lost wages arguing that there is insufficient evidence to support any of these claims.

"[A] plaintiff must prove every element of the claim, including compensatory damages, 'with as much certainty as the nature of the tort and the circumstances permit.'" *Santana v. Mack,* 889 F.Supp. 223, 226 (D.Vi.1995).

■ Here, defendant argues that although plaintiff has attached some of his medical bills, he has not provided defendant with any identification of which bills were not paid by defendant, and defendant argues that it is unclear what amount of plaintiff's past medical bills are unpaid. The court finds summary judgment is not appropriate for plaintiff's medical bills. There is a question of material fact regarding past medical bills, and it will be plain-

tiff's burden at trial to show which ones, if any, remain unpaid by defendant.

Defendant also argues that the court should grant summary judgment on plaintiff's claim for future medical expenses. In support of this argument, defendant states that plaintiff never provided defendant with a calculation of damages in support of its demand for $50,000. Plaintiff responds by arguing that he made such a calculation available through Dr. Stacey Younger, his treating neurologist, but that defendant chose not to take Dr. Younger's deposition.

■ As required by Federal Rule of Procedure 26(a)(1), a party must disclose its computation of damages without waiting for a discovery request. Sanctions for failure to abide by Rule 26(a)(1) are set out in Federal Rule of Civil Procedure 37(c)(1). Rule 37(c)(1) provides, in part "[a] party that without substantial justification fails' to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... any ... information not so disclosed." Plaintiff claims that defendant has not been prejudiced because defendant had the opportunity to discover information about plaintiff's damages through the deposition of Dr. Younger, and therefore such non-compliance is harmless. The court is not persuaded. Pursuant to Rule 26(a)(1)(C), defendant is entitled to a specific computation of plaintiff's damages, and is entitled to have made available for inspection and copying the documents and other evidentiary material on which such computation is based. Accordingly, plaintiff is hereby granted fifteen days from the date of this order to provide defendant with a computation of each of its categories of damages, as required by Rule 26(a)(1)(C). If plaintiff fails to comply, it will not be permitted to present any damages calculations regarding future medical expenses at trial. *See Midwest Grain Products, Inc. v. Envirofuels Marketing, Inc.,* 1996 WL 445070 at * 11 (D.Kan.1996).

Finally, defendant asks the court to strike plaintiff's claims for lost future wages, lost past bonuses and lost future bonuses. Defendant argues that summary judgment is proper because plaintiff failed to comply with his obligation to compute damages as required by Federal Rule of Civil Procedure 26(a)(1)(C), and plaintiff never produced information corroborating his current claim for $1.5 million in lost earning capacity.

Plaintiff responds by arguing that summary judgment is not appropriate because defendant did not request that plaintiff supplement his initial disclosures or in any other way inform plaintiff that it believed plaintiff was in default of Rule 26. Also, defendant did not object to plaintiff's statement of damages in the pretrial order.

The court finds that summary judgment is not appropriate on this issue because there are genuine issues of material fact regarding plaintiff's lost future wages, lost past bonuses and lost future bonuses. As stated earlier, Rule 37(c)(1) provides, in part "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... any ... information not so disclosed."

■ Here, the court finds that the failure to compute damages was harmless as defendant knew what type of damages where being sought when served with the Complaint, did not compel compliance with Rule 26 during discovery, and defendant received a computation of damages through plaintiff's statement of damages in the Pretrial Order. While plaintiff will not be able to present the opinion of Dr. John Ward, Ph.D. to testify regarding damages,

it will present evidence through the testimony of plaintiff and his employer. Defendant does not believe that this testimony is credible, but does not argue that it is inadmissible. As admissible testimony regarding damages will be presented to the trier of fact, genuine issues of material fact exist making summary judgement inappropriate.

For the reasons above, defendant's motion for summary judgment regarding past medical costs and lost future wages, lost past bonuses and lost future bonuses are denied. Also, defendant's motion for summary judgment on plaintiff's claim for future medical expenses is denied pending compliance with Rule 26(a)(1)(C).

## XI. CONCLUSION

The court grants defendant's motion for summary judgement on plaintiff's contract claim finding that the contract claim is duplicative of the tort claim; grants plaintiff's motion for summary judgment on defendant's affirmative defense of express assumption of risk because this defense is not allowed by Virgin Islands law; grants plaintiff's motion for summary judgment on defendant's affirmative defense of plaintiff's comparative fault regarding plaintiff's misuse of the cable cross-over machine because no genuine issue of material fact exists as to whether plaintiff's negligence caused his injury; and grants plaintiff's motion for summary judgment on defendant's affirmative defense of comparative fault of non-parties since fault may only be apportioned between parties.

The court denies plaintiff's motion for summary judgement on plaintiff's tort claim finding genuine issues of material fact exist as to whether defendant breached the duty of care owed to plaintiff, and genuine issues of material fact exist as to whether the alleged breach of duty caused plaintiff's injuries; denies plaintiff's motion for summary judgement on defendant's af-

firmative defense of plaintiff's comparative fault with regard to plaintiff's use of the machine if he noticed a problem with the cable that later broke causing his injury because genuine issues of material fact exist; denies defendant's motion for summary judgment to cap noneconomic damages because the Kansas statute does not apply; and defendant's motions for summary judgment regarding past medical costs and lost future wages, lost past bonuses and lost future bonuses are denied as genuine issues of material fact exist.

Also, defendant's motion for summary judgment on plaintiff's claim for future medical expenses is denied pending compliance with Rule 26(a)(1)(C).

**IT IS THEREFORE ORDERED BY THE COURT THAT** both plaintiff's motion for partial summary judgment (doc. # 99) and defendant's motion for summary judgment (doc. # 104) are granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** trial to the jury shall commence on Friday, December 10, 2004 at 1:00 P.M. A limine conference will be conducted by the court beginning at 9:30 A.M. on that same date.