**RITA ADAMS and LEROY ADAMS, Plaintiffs**

**v.**

**JENNIFER KNIGHT, Defendant**

Civil No. 575/2003

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 24, 2006

KATHLEEN MACKAY, Mackay & Hodge, St. Thomas, Virgin Islands, *Attorney for Plaintiff.*

JENNIFER KNIGHT, Defendant, *Pro se*, Bronx, New York.

THOMAS, *Judge*

## MEMORANDUM AND OPINION

(August 24, 2006)

Before the Court is the Motion of Defendant Jennifer Knight ("Knight") for Summary Judgment requesting that the Court dismiss with prejudice the instant action filed by Plaintiffs Rita and Leroy Adams ("Adams"). Knight alleges that she is a bona fide purchaser of Parcel No. 173B-7 Anna's Retreat, St. Thomas, U.S. Virgin Islands ("Property")

and the Adams have no legal interest in the Property. In response, the Adams have filed an Opposition to Knight's Motion for Summary Judgment and a Cross-Motion for Summary Judgment. The Adams assert that they are the rightful owners of the Property and, as such, Knight's deed to the Property should be deemed invalid. For the reason hereinafter stated, Knight's motion for summary judgment will be granted, and the Adams' cross-motion for summary judgment will be denied.

## Background

In 1979, the Adams entered into an installment contract with Triple F Development, Inc. ("Triple F") for the Property. The Adams satisfied their debt with respect to that installment contract in 1989 and subsequently received a deed for the Property dated March 9, 1989 and executed the deed one year later, on March 10, 1990. The deed was subsequently recorded on March 6, 1996.

Meanwhile, in 1986, an action to recover damages for breach of contract was initiated in the Territorial Court of the U.S. Virgin Islands against Triple F by Scott Barber, Jarrel Jackson and Joseph Registe.[1] A default judgment was entered against Triple F on August 10, 1989 ("Triple F Default Judgment") and the Triple F Default Judgment was recorded on August 22, 1990. Triple F then subsequently conveyed all of its real property to Caribbean Realty and Investment Corp. and Asforit, Inc. for no consideration. Then on March 19, 1991, a Notice *Lis Pendens* was recorded against all the property owned by Caribbean Realty and Investment Corp.[2]

An action to disregard the corporate conveyances as fraudulent was commenced in the District Court of the U.S. Virgin Islands in 1991 by Scott Barber and Jarrel Jackson against Caribbean Realty and Investment Corp. and Asforit, Inc.[3] On April 23, 1992, the District Court, in *Barber v. Caribbean Realty*, issued an Order stating that the Triple F Default

---

[1] *Scott Barber, Jarrel Jackson and Joseph Registe v. Triple F Development, Inc. F & J Enterprises, Inc., and William A. Farrington*, Civil No. 878/1986. Plaintiffs in this case filed a class action suit on behalf of homeowners to recover damages against the Defendants for failing to pave roads in their housing subdivision.

[2] This Notice *Lis Pendens* affected the Property, which is the subject of the instant action.

[3] *Scott Barber and Joseph Registe v. Caribbean Realty and Investment Corp. and Asforit, Inc.*, Civil No. 1991-58.

Judgment from the Territorial Court constituted "a lien, from and after March 19, 1991, upon all real property in the Virgin Islands owned by or standing in the name of the Defendants Caribbean Realty and Investment Corp. and Asforit, Inc., conveyed to Defendants directly or indirectly by Triple F Development Inc., and all such real property may be executed against to satisfy said Judgment" (Order Granting Mot. Summ. J., April 23, 1992). The District Court Order was recorded on May 21, 1992. Judgment was entered subsequently in favor of Barber.

Consequently, on December 20, 1995, a Writ of Execution was issued to the Territorial Marshal directing him to sell the Property, among others, pursuant to the Triple F Default Judgment issued by this Court. The Writ was recorded on January 2, 1996 by the Office of the Recorder of Deeds. A Marshal's sale for the Property was then held on March 13, 1996, and the Property was sold to Knight[4] for Ten Thousand, One Hundred Dollars ($10,100.00). One week prior to the Marshal's Sale of the Property, the Adams recorded their deed against the Property on March 6, 1996.

Knight then moved to have the Sale vacated and her monies returned. By Order dated January 28, 1999, the Court vacated the Marshal's Sale. Very shortly thereafter, on February 19, 1999, the Court stayed its Order of January 28, 1999 pending a hearing to "clarify the issues" (Order Stay Mot. Am. J., Feb. 19, 1999). On March 2, 1999, Plaintiff Rita Adams attended the scheduled hearing without counsel.[5] As a result of the hearing, the Court reversed its earlier Order of January 28, 1999 and issued an Amended Order dated March 5, 1999. On March 3, 2000, the Adams filed a Motion with this Court to Intervene in *Barber v. Triple F Development* and a Motion for Relief from the Order dated March 5, 1999.[6] In its Amended Order, the Court ordered that the Adams were "barred from claiming any interest" in the Property and that Knight owns the Property in fee simple absolute. The Court noted that a notice of Lis Pendens, two Judgments and a Writ of Execution were recorded against

---

[4] Stephanie Joseph, the prevailing bidder at the Marshal's Sale, purchased the Property at the Territorial Marshal's Sale on behalf of Knight.

[5] The Court's February 19, 1999 Order indicated that copies of the Order be directed to both Leroy Adams and Rita Adams; however, Leroy Adams, Rita Adams' husband and co-owner of the Property did not receive a copy of the Order and was not in attendance at this hearing.

[6] Neither Motion was ever addressed and the case appears to be closed.

the chain of title relating to the Property "prior to the transfer of title ... to Leroy and Rita Adams" (Am. Order, March 5, 1999). The Court declared that Adams had constructive notice of the *lis pendens* and took the property subject to the outcome of the litigation in *Barber v. Triple F Development*.

On November 3, 2003, the Adams filed the instant action seeking Declaratory Judgment, declaring and adjudicating them as the lawful owners of the Property and having the conveyance to Knight deemed void. Both sides are now seeking summary judgment.

## Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the Court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The purpose of the summary judgment procedure is "to pierce the pleadings and to assess the proof in order to see whether there [is] a genuine need for trial." *LaFrance Equipment International Corp. v. Reed*, 20 V.I. 111, 113-15 (Terr. Ct. 1983). Issues of fact are only genuine where the evidence would allow a reasonable jury to return a verdict in favor of a non-moving party. *Logan v. Abramson Enter. Inc.*, 30 V.I. 72 (D.C.V.I. 1994). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Supreme Court mandates that a motion for summary judgment must be granted unless the party opposing the motion demonstrates "that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The parties agree to the facts that led to the filing of the instant action. This Court finds that there are no genuine issues of material fact. The parties are asking the Court to recognize their respective deed to the Property as valid as a matter of law. Ergo, this Court must now determine whether the Adams or Knight is the legal owner of the Property.

42

## *Barber* Court: Findings of Fact, Conclusions of Law and Holding

At a hearing held on March 2, 1999, in *Barber, et al. v. Triple F. Dev., Inc., et al.*, Civil No. 878/1986, by Amended Order dated March 5, 1999, the Court entered its findings of fact and conclusions of law pertaining to the Property in the instant action. In sum, the Court found the following:

1. On August 22, 1990, the Judgment in this matter was duly recorded in which the Plaintiffs obtained a money Judgment against the defendants.

2. On March 19, 1991, a Notice of Lis Pendens was duly recorded by Plaintiffs against all real property owned by Caribbean Realty and Investment Corp. ("Caribbean Realty"), which included the aforementioned properties.

3. On May 21, 1992, a Judgment was duly recorded in which Plaintiffs' money Judgment against defendants was made a lien against all real property conveyed to Caribbean Realty by defendants.

4. On January 2, 1996, a Writ of Execution was duly recorded on Judgments against the aforementioned properties.

5. On March 6, 1996, the Warranty Deed from Caribbean Realty to Leroy and Rita Adams, conveying Parcel 173B-007 Anna's Retreat, was recorded.

6. On March 13, 1996, there was a Marshal's Sale of Parcel 173B-007 Anna's Retreat to Jennifer Knight.

7. On March 18, 1997, the Order Confirming Sale of Parcel 173B-007 Anna's Retreat to Jennifer Knight was entered confirming Court approval of the Marshal's Sale, including publication of notice, regularity of sale and sale price and granting Judgment debtors and their successors in interest the right to redeem for a period of 6 months.

8. On April 29, 1997, the Order Confirming Sale was recorded as to the sale of Parcel 173B-007 Anna's Retreat to Jennifer Knight.

The Court then made the following conclusions:

1. That the facts demonstrate that prior to the transfer of the title from Caribbean Realty to Leroy and Rita Adams on Parcel 173B-007 Anna's Retreat, the chain of title of the Property had recorded against it Plaintiffs' Lis Pendens, Plaintiffs' two Judgments and Plaintiffs' Writ of Execution.

43

2.    That the recording of the Lis Pendens against Parcel 173B-007 Anna's Retreat constituted notice of a pending action affecting title to these properties.

3.    That Leroy and Rita Adams were on constructive notice of the Lis Pendens and took the respective properties subject to the outcome of the litigation in the Barber case.

4.    That the recording of the Judgments against the real property of Caribbean Realty created a Judgment lien against Parcel 173C-007 Anna's Retreat.

5.    That as Judgment creditors, Plaintiffs were entitled to execution and sale of the property by the Marshal to satisfy the Judgment.

6.    That the sales of the respective properties were subject to redemption by the Judgment debtor or his successor in interest for a period of 12 months from the date of the Order of Confirmation.

■ As a result of its findings and conclusions, the Court held that:

1.    Mrs. Rita Adams and Mr. Leroy Adams are barred from claiming any interest in the property described as Parcel 173B-7 Estate Anna's Retreat, St. Thomas, U.S.V.I. without notice to Plaintiffs' recorded Lis Pendens, Plaintiffs' two recorded Judgments, and Plaintiffs' recorded Writ of Execution.

2.    The statutory redemption period expired without redemption by Mrs. Rita Adams and Mr. Leroy Adams.

3.    Once the aforesaid statutory redemption period expired, the interest of Ms. Jennifer Knight, as to Parcel 173B-7 Estate Anna's Retreat, became absolute.

4.    Ms. Jennifer Knight owns Parcel 173B-7 Estate Anna's Retreat in fee simple absolute.

### Conclusion

This Court finds no legal basis to disturb the decision of the *Barber* Court and therefore adopts its findings, conclusions and holding as it pertains to the parties herein. An Order of even date follows.